IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLERDIVISION

| | |
|---|---|
| DAVID P. BRICKER,<br><br>    Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG, & REIS CO., LPA,<br><br>    Defendants. | Case No. 6:21-cv-00414 |

## COMPLAINT

**NOW COMES** Plaintiff, DAVID P. BRICKER, by and through his undersigned counsel, complaining of Defendant WELTMAN, WEINBERG, & REIS CO., LPA, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq*. and the Texas Debt Collection Practices Act ("TDCA") under Tex. Fin. Code Ann. §392 *et seq.*

## PARTIES

2. DAVID P. BRICKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Winona, Texas.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

5. WELTMAN, WEINBERG, & REIS CO., LPA ("WWR" and or "Defendant") is a limited partnership agreement with its principal place of business at 180 North LaSalle Street, Suite 2400, Chicago, Illinois 60601.

6. WWR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

7. WWR is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

8. On or around July 1, 2021, WWR called Plaintiff from an unknown number attempting to collect for a personal Discover credit card in the amount of approximately $5,000 ("subject debt") incurred before June 2017.

9. Plaintiff paid for information which identified the phone number listed as "unknown" and tracked it back to WWR.

10. Plaintiff then placed a phone call to WWR that same afternoon and verbally requested a validation letter and that WWR stop calling.

11. On or around July 6, 2021, Plaintiff sent a certified letter to WWR requesting validation of the debt; this letter also included a cease-and-desist request for phone calls to Plaintiff's cell phone.

12. The certified letter was delivered to WWR on July 12, 2021.

13. To date, Plaintiff has not received a response to his validation request.

14. WWR did not mail a letter as required by 15 U.S.C. §1692g(a) of the FDCPA until July 26, 2021, more than 5 days after the initial contact with Plaintiff.

15. On August 9, 2021, Plaintiff received another phone call from WWR despite his requests that the phone calls cease.

16. In response, on August 9, 2021, Plaintiff sent a second letter requesting a cease-and-desist on phone calls and outlining his intention to take this case to arbitration and or litigation.

17. Additionally, WWR sent Plaintiff a letter threatening to obtain judgment against him; however, collection on the subject debt is time-barred by the statute of limitations.

18. Frustrated with Defendant's behavior, and due to increasing stress, anxiety and helplessness Plaintiff was forced to expend time and energy to retain counsel due to Defendant's conduct and has incurred attorney fees.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST WWR)

19. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

20. The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §§1692e, e(5)

21. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

22. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken…" 15U.S.C. §1692e(5).

23. WWR violated §1692e by placing its initial phone call to Plaintiff from an unknown number, forcing Plaintiff to expend money to find out information regarding the phone call.

24. WWR violated §1692e(5) by threatening judgment on the subject debt even though the subject debt was outside of the statute of limitations.

25. In other words, WWR could not sue on the subject debt because it was time-barred, thus threatening Plaintiff with action that could not be taken.

### b. Violations of FDCPA §§1692g(a), g(b)

26. Pursuant to §1692g(a) of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer. 15 U.S.C. §1692g(a).

27. Pursuant to §1692g(b) of the FDCPA, a debt collector must cease collection activities upon receipt of a validation request from the consumer until the debt collector provides verification of the debt in question.

28. WWR violated 15 U.S.C. § 1692g(a) by failing to send a verification letter to Plaintiff within 5 days of its initial communication with Plaintiff.

29. Specifically, Plaintiff's initial communication with WWR was on July 1, 2021; yet WWR did not send the required letter until July 22, 2021 – more than 5 days after its initial communication with Plaintiff.

30. WWR violated 15 U.S.C. §1692g(b) by communicating with Plaintiff after he requested validation of the subject debt and before providing validation of the subject debt.

### c. Violation(s) of 15 U.S.C. §1692c

31. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)  at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

32. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

33. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### d.  Violation(s) of 15 U.S.C. §1692d

34. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

37. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive, including the specific language used as referenced above.

38. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

WHEREFORE Plaintiff, DAVID P. BRICKER, requests the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Section 392.202(a) of the Texas Finance Code prohibits a debt collector from collecting on a debt which has been disputed before first providing validation of the debt to the consumer. Tex. Fin. Code Ann. §392.202(a).

41. Further, §392.202(b) of the Texas Finance Code requires a debt collector to provide written communication regarding the results of its investigation into the dispute within 30 days of a consumer requesting said validation. Tex. Fin. Code Ann. §392.202(b).

42. Section 392.301(8) of the Texas Finance Code prohibits a debt collector from "threatening to take an action prohibited by law." Tex. Fin. Code §392.301(8).

43. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

44. WWR violated Tex. Fin. Code Ann. §392.202(a) by attempting to communicate with Plaintiff after he requested validation of the subject debt and before providing said validation.

45. WWR violated Tex. Fin. Code Ann. §392.202(b) by failing to send written communication to Plaintiff with the results of its investigation into the dispute within 30 days.

46. WWR violated Tex. Fin. Code Ann. §392.301 by threatening to take an action prohibited by law.

47. Specifically, WWR threatened to obtain a judgment on the subject debt, which was time-barred by the statute of limitations.

48. WWR violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

WHEREFORE, Plaintiff, DAVID P. BRICKER, respectfully requests that the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 1345.09(A), in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to § 1345.09(F)(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this honorable court deems just and appropriate.

Dated: October 21, 2021

Respectfully Submitted,

DAVID P. BRICKER

*/s/ Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Jennifer Ann McLaughlin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148

Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com